IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| UNITED STATES OF AMERICA, | : | |
|---|---|---|
| | : | Case No. 1:07cr020 |
| Plaintiff, | : | |
| | : | Chief Judge Susan J. Dlott |
| v. | : | |
| | : | Order Granting Continuance |
| GINO BOGGIA, | : | |
| | : | |
| Defendant. | : | |

This matter is before the Court on the parties' Joint Motion for Continuance of Change of Plea Hearing, Doc. 28. In that motion, the Government requests a continuance of the change-of-plea hearing currently scheduled for June 11, 2013. Defendant is charged in a twenty-two-count indictment in this case and is being charged for conduct arising out of the same scheme in Pennsylvania. The Government requests the continuance so that the parties may work out the details of a global plea agreement between the two jurisdictions. Defense counsel is in agreement with the motion.

Under 18 U.S.C. § 3161(h)(7)(A), pursuant to a defendant's motion for a continuance or on its own motion, a court may grant a continuance that is excludable from the speedy trial clock if the court finds that "the ends of justice served by [continuing the trial] outweigh the best interest of the public and the defendant in a speedy trial." A court is to consider a number of factors in "determining whether to grant such a continuance," including: (a) "[w]hether the failure to grant such a continuance . . . would deny counsel for the defendant . . . the reasonable time necessary for effective preparation;" and (b) "[w]hether the failure to grant such a continuance . . . would . . . result in a miscarriage of justice." 18 U.S.C. § 3161(h)(7)(B)(i), (iv).

The Court is not limited to considering the factors listed in that statute. See 18 U.S.C. § 3161(h)(7)(B). Directly relevant to this case, the Sixth Circuit has held that time spent plea-bargaining is excludable from the time periods prescribed by the Speedy Trial Act. *See United States v. Dunbar*, 357 F.3d 582, 593 (6th Cir. 2004) ("We have held that plea negotiations may be excluded as 'other proceedings' pursuant to § 3161(h)(1)."), rev'd in part on other grounds, 543 U.S. 1099 (2005).

The Court finds under 18 U.S.C. § 3161(h)(7)(A) that the ends of justice would be served by granting a continuance of the speedy trial deadline, vacating the currently scheduled change of plea hearing, and resetting that hearing to June 26, 2013. In the instant case, Defendant Boggia requires additional time to negotiate the details of a plea agreement. Defendant's interest in negotiating a plea agreement outweighs the best interests of Defendant and the public in a speedy trial. Accordingly, under 18 U.S.C. § 3161(h)(7)(A), the ends of justice are served by excluding fifteen days from the speedy trial calculation --- the period of time between the currently scheduled change-of-plea date of June 11, 2013 and the rescheduled change-of-plea date of June 26, 2013 at 10:30 a.m.

IT IS SO ORDERED.

S/Susan J. Dlott_____
Chief Judge Susan J. Dlott
United States District Court